# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 13, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY L. STREET,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0463**  (BOR Appeal No. 2046555)
(Claim No. 2009093267)

**AMFIRE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Street, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amfire, LLC, by Ann B. Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 13, 2012, in which the Board affirmed an October 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 12, 2010, decision granting Mr. Street a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Street worked as a coal miner for Amfire, LLC. He had worked as a coal miner for over thirty years. In April of 2009, Mr. Street was examined by Dr. Doyle who found that he had shallow respirations and diagnosed him as having chronic obstructive pulmonary disease. At the same time Dr. Parker diagnosed Mr. Street as having coal dust exposure causing obstructive lung disease. Following these diagnoses, Mr. Street filed an application for workers' compensation benefits based on exposure to the hazards of occupational pneumoconiosis. Mr. Street's claim was referred to the Occupational Pneumoconiosis Board who found, based on the radiographic

1

evidence in the case, that there were insufficient pleural and parenchymal changes to establish a diagnosis of occupational pneumoconiosis. The Occupational Pneumoconiosis Board also performed pulmonary function testing which failed to reveal evidence of impairment. Based on this opinion, on January 12, 2010, the claims administrator granted Mr. Street a 0% permanent partial disability award related to occupational pneumoconiosis. Mr. Street was then examined at East Ohio Regional Hospital by Dr. Saludes and underwent another pulmonary function test which revealed reduced total lung capacity with mild restrictive lung disease. Dr. Saludes interpreted this testing as demonstrating 20% pulmonary impairment which could be related to industrial bronchitis caused by coal dust exposure. But Dr. Saludes noted that Mr. Street's x-rays did not reveal any evidence of pneumoconiosis.

The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges on August 17, 2011. Dr. Kinder, on behalf of the Occupational Pneumoconiosis Board, stated that he did not believe Mr. Street had either occupational asthma or occupational pneumoconiosis. Dr. Kinder stated there were no valid pulmonary function tests which showed that Mr. Street suffered from any pulmonary impairment. Dr. Kinder stated that the Occupational Pneumoconiosis Board's pulmonary function testing was the most reliable testing in the case because it produced the highest volumes. Dr. Kinder repeated the Occupational Pneumoconiosis Board's prior finding that Mr. Street suffered from no impairment due to occupational pneumoconiosis. On October 18, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on March 13, 2012, leading Mr. Street to appeal.

The Office of Judges concluded that a preponderance of the evidence did not establish that Mr. Street suffered from occupational asthma or occupational pneumoconiosis. The Office of Judges concluded that whatever breathing restrictions Mr. Street exhibited were attributable to non-occupational causes. The Office of Judges found that the testimonial opinion of the Occupational Pneumoconiosis Board was the most credible evidence in the record. The Office of Judges found that the opinion of the Occupational Pneumoconiosis Board demonstrated that Mr. Street has no pulmonary impairment attributable to occupational exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Street has not demonstrated that he has suffered any pulmonary impairment related to either occupational asthma or occupational pneumoconiosis. The consistent report and testimony of the Occupational Pneumoconiosis Board demonstrates that there is no valid pulmonary function testing that attributes Mr. Street's impairment to occupational causes. The opinion of the Occupational Pneumoconiosis Board is the most credible evidence in the case and the Office of Judges was within its discretion in relying on its testimony.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II